# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MARK ONDRICK, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV415-255 |
| CHATHAM COUNTY, GEORGIA, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Mark Ondrick II has filed yet another lawsuit,[1] this time seeking to vacate a state court criminal trespass prosecution. Doc. 1 at 5 (asking "to be acquitted on charge"). As he has done in the past, he moves for leave to proceed *in forma pauperis* (IFP). Doc. 2. Finding him indigent, the Court **GRANTS** his IFP motion (doc. 2) and

---

[1] *See Ondrick v. United States*, CV414-154, doc. 12 (S.D. Ga. Sept. 24, 2014) (advising dismissal, on frivolity grounds, of the same lost bond amount), *adopted* doc. 17 (S.D. Ga. Oct. 22, 2014); *Ondrick v. Chatham County*, CV414-159, doc. 4 (S.D. Ga. Sept. 2, 2014) (advising dismissal for failure to comply with *in forma pauperis* requirements), *adopted*, doc. 10 (S.D. Ga. Sept. 26, 2014); *Ondrick v. Chatham County*, CV414-160 (S.D. Ga. Sept. 3, 2014) (same), *adopted*, doc. 12 (S.D. Ga. Oct 22, 2014); *Ondrick v. Chatham County*, CV414-161 doc. 4 (S.D. Ga. Sept. 3, 2014) (same), *adopted*, doc. 10 (S.D. Ga. Oct 22, 2014).

thus screens his case under 28 U.S.C. § 1915(e)(2)(B)(ii). That provision authorizes *sua sponte* dismissal if he fails to state a claim.[2]

Ondrick, who is not a prisoner, furnishes a 2014 "Sentencing Order" showing that he pled guilty to criminal trespass in the State Court of Chatham County, and was sentenced to "time served" and a term of probation. Doc. 1 at 10. He specifies no statutory or federal common law remedy and seeks no damages. Doc. 1. Nor does he allege that he has since had that judgment vacated. Instead, he pleads (in raw, uncorrected form):

> During my case, I wanted to have an appeal filled for my "bond amount/bond when I told my attorney to file an appeal. At court, she informed me I was not able to file an appeal, until the case was settled/closed! Attorney neglected trial and me going to trial by not filing my appeal for an bond amount! Appeal for bond amount was never looked into! All this happen at court date 4-2-14!

Doc. 1 at 4. The relief Ondrick seeks: "To be acquitted on charge and rights be restored fully!" Doc. 1 at 5.

---

[2] The Court construes *pro se* allegations under a more lenient standard than those of an attorney, *Wilkerson v. Georgia*, 618 F. App'x 610, 611-12 (11th Cir. 2015), but has no "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 791, 710 (11th Cir. 2010). Furthermore, the rules are applied equally to all litigants, whether *pro se* or represented. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), cited in *Lewis v. Dixon*, 2015 WL 9460274 at * 3 (S.D. Ala. Nov. 25, 2015).

To the extent that Ondrick is seeking relief under 42 U.S.C. § 1983, his case is dead on arrival. District courts must "ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015). Ondrick, who was sentenced for criminal trespass following his 2014 guilty plea (doc. 1 at 10), seeks to overturn that conviction and, hence, his probationary sentence. He may not use § 1983 to accomplish that goal.

Second, if Ondrick meant to seek federal habeas relief under 28 U.S.C. § 2254, he is first required to exhaust his available state remedies through either a direct appeal or a petition for collateral relief.

3

*Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. § 2254(b), (c); *Dees v. Rich*, 2014 WL 4793555 at * 4 (S.D. Ala. Sept. 25, 2014) ("An inmate cannot proceed on such a claim in a § 1983 action so as to avert the exhaustive requirements attendant to habeas actions."); *see also Reilly v. Herrera*, 622 F. App'x 832, 834 (11th Cir. 2015) (stating that even where habeas relief was no longer available, when the plaintiff had "ample time to pursue . . . post-conviction remedies on the supervised release revocation, yet [ ] did not avail himself of any of them," any claim pursuant to § 1983 attacking the revocation was barred by *Heck*). If Ondrick wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Such petition, however, would be subject to immediate dismissal for lack of exhaustion of his available state remedies.

Given the patent baselessness of Ondrick's Complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her

complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity).

Finally, the Court **DENIES** his motion for appointment of counsel (doc. 3), as this is not the "exceptional case" contemplated by *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996) and *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Even were the Court to grant his request, it could only ask, not compel, an attorney to take his case. *Williams v. Grant*, 639 F.Supp.2d 1377, 1379 (S.D. Ga. 2009). Indeed, a successful 28 U.S.C. § 1915(e)(1) motion to appoint counsel could reap very little, for Congress has declined to spend tax dollars to fund such appointments.

**SO REPORTED AND RECOMMENDED**, this 28TR day of January, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA